UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT ANDREW COOPER,<br><br>Defendant. | Case No. 25-CR-85 (CJN) |

## GOVERNMENT'S BRIEF REGARDING DEFENDANT'S RIGHT TO TESTIFY AT A COMPETENCY HEARING

The Government respectfully submits the following brief regarding the issue of Defendant Robert Cooper's potential testimony at his competency hearing. It is the Government's position that the Defendant has a right to testify at the competency hearing. However, as with any testimony before the Court, the Court may exercise its authority to appropriately limit such testimony.

## BACKGROUND

The Defendant is currently charged with two counts of unlawfully making an Interstate Communication with a Threat to Kidnap or Injure in violation of 18 U.S.C. § 875(c). Before trial, the Defendant's former counsel raised the issue of competence in a motion on November 7, 2025. *See* ECF No. 38. On November 13, 2025, the Court ordered the Defendant's psychiatric examination. Theresa Grant, Ph.D., a Licensed Clinical Psychologist, examined the Defendant on November 17, 2025. On November 23, 2025, Dr. Grant provided a report opining that the Defendant was incompetent and recommending that the Defendant be transferred to a federal facility for further evaluation. As a part of her conclusions, Dr. Grant opined that, "[d]uring the course of our meeting, the defendant was unable to demonstrate a rational understanding of his criminal proceedings and the ability to assist counsel in a rational manner secondary to untreated

symptoms of psychiatric condition."

The Court set a competency hearing for February 3, 2026. At the hearing, the Defendant's counsel indicated that the Defendant intended to testify. The Defendant's counsel indicated that he had advised the Defendant not to testify. The Court then conducted a voir dire of the Defendant, during which the Defendant confirmed that he wished to testify regarding his competency to stand trial.

## ARGUMENT

**1. The Defendant Has a Right to Testify at His Competency Hearing**

While the question of whether a defendant has a right to testify at his own competency hearing appears to be an issue that arises infrequently, a review of the governing law makes it clear that, at a minimum, the defendant has a statutory right to testify at the competency hearing, and moreover, the defendant likely has a constitutional right to do so.

Before the Court is a motion for a hearing to determine the mental competency of the Defendant to stand trial, which is governed by 18 U.S.C. § 4241. The statutes indicates that "[t]he hearing shall be conducted pursuant to the provisions of section 4247(d)." 18 U.S.C. § 4247(c). Thus, the statute setting forth how the instant competency hearing should be conducted reads:

> At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A. *The person shall be afforded an opportunity to testify*, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

18 U.S.C. § 4247(d) (emphasis added); *see also United States v. Gillenwater*, 717 F.3d 1070, 1077 (9th Cir. 2013) (citing 18 U.S.C. § 4247(d)) ("Congress has explicitly provided a defendant a statutory right to testify at a pretrial competency hearing.").

While this Circuit does not appear to have ruled on the question of whether a defendant has

2

a constitutional right to testify at a competency hearing, the Ninth Circuit held in *Gillenwater* that a criminal defendant also had a constitutional right to testify at a competency hearing. 717 at 1079 ("We hold that a defendant has a constitutional right to testify at a pretrial competency hearing."). In addition, the Ninth Circuit found that a defendant can choose to testify at a competency hearing even against his counsel's recommendation. *See id*. at 1079-80. ("Not infrequently, defense counsel may encounter a defendant who wishes to testify despite counsel's honest contrary recommendation. Nonetheless, the Constitution and our case law compel us to conclude that the ultimate decision is for the defendant to make."). No other federal court of appeals appears to have directly addressed this issue.

Consequently, while the question of whether the defendant has a constitutional right to testify at competency hearing may be an open question in this jurisdiction, the unambiguous language of the statutory scheme at 18 U.S.C. § 4247(d), is clear that he has, at a minimum, a statutory right to testify at the competency hearing if he chooses.

2. **The Court Has Discretion to Limit the Defendant's Testimony**

While the Defendant has a right to testify at the competency hearing, the Court nevertheless retains the ability to appropriately limit such testimony.

In *Gillenwater*, the Ninth Circuit noted that, despite finding that a defendant has a right to testify at a competency hearing, "nothing in our decision that prevents the district court from exercising discretion to limit testimony, focus the scope of the proceeding, or exclude irrelevant testimony." 717 F.3d at 1079. (citing *Herring v. New York,* 422 U.S. 853 (1975)). Other courts have similarly found that the testimony of a defendant at a competency hearing can be appropriately limited or managed. *See, e.g.*, *United States v. Baker*, 45 F.3d 837, 847 (4th Cir. 1995) (permitting appearance by video conference procedure in a hearing under 18 U.S.C.

§ 4247(d) in a civil matter); *United States v. Anthony*, No. 24-CR-6074, 2025 WL 1426444, at *2 (W.D.N.Y. May 1, 2025) (describing competency hearing in which the defendant testified and the Court "excused Defendant from the stand over his objections as he had testified for approximately one hour and fifteen minutes and I believed I had sufficient evidence to issue this report and recommendation"), *report and recommendation adopted*, No. 24-CR-6074, 2025 WL 1426020 (W.D.N.Y. May 16, 2025); *United States v. Holloway*, No. 24-30456, 2025 WL 610002, at *3–4 (E.D. Mich. Feb. 25, 2025) (use of video-conferencing to, among other reasons, limit disruptions); *United States v. Thomas*, 519 F. Supp. 2d 135, 140 (D. Me. 2007) (denying a protective order, but noting that "questions from both the government and from defense counsel must relate to competency"); *see also United States v. Kowalczyk*, 805 F.3d 847, 860 (9th Cir. 2015) (upholding district court's denial of a defendant's request to speak further after the evidentiary hearing was complete).

Similarly, the Supreme Court has noted that courts can appropriately limit defendants' testimony even at trial. *See Rock v. Arkansas*, 483 U.S. 44, 55–56 (1987) ("Of course, the right to present relevant testimony is not without limitation. The right 'may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.' But restrictions of a defendant's right to testify may not be arbitrary or disproportionate to the purposes they are designed to serve.") (citations omitted). If a defendant's testimony may be appropriately limited even at the more crucial stage of trial, then it can certainly be managed at a competency hearing.

The Ninth Circuit also instructed the district court to "enter an order barring the use of such testimony at Gillenwater's trial except, if otherwise permissible, to impeach Gillenwater were he to testify at trial." 717 F.3d at 1085-86.[1] Notably the Ninth Circuit indicated that it "express[ed]

---

[1] Other courts that have addressed a defendant's testimony at a competency hearing have

4

no view as to whether such an instruction is required by either the Constitution or statute." *Id.* at 1085 n. 14. The Ninth Circuit supported its instruction by analogizing to a line of cases going back to *Simmons v. United States*, which barred the use of a criminal defendant's testimony at a suppression hearing from being used by prosecutors at trial. *See id.* at 1085-86; *see also Simmons v. United States*, 390 U.S. 377, 394 (1968). However, the concerns underlying the Supreme Court's decision in *Simmons* are not applicable in the instant proceeding. *Simmons* addressed a criminal defendant forced to choose between establishing standing for a Fourth Amendment suppression motion by testifying or asserting his Fifth Amendment privilege against self-incrimination. *See* 390 U.S. at 390-94.

Here, the Defendant faces no such "dilemma" of choosing between constitutional rights. The Defendant is able to fully litigate his competency without waiving his right against self-incrimination. Indeed, the Court here permitted the Defendant the opportunity to be evaluated by his own expert and present a report on the issue. If the Defendant had produced such a report, he could have called that expert to testify. In addition, the Defendant has the opportunity to call his previous treating mental health professional, Dr. Kiesling, to testify on the issue of competence and has indicated an intent to do so. Thus, the Defendant has ample opportunity to address his competency without being compelled to testify himself, and it is not the case "that one constitutional right should have to be surrendered in order to assert another." *Simmons*, 390 U.S. at 394. Therefore, the Court should reject the Ninth Circuit's approach of barring, in advance, the

---

not come to the same conclusion as the Ninth Circuit. *See Thomas*, 519 F. Supp. 2d at 140 ("Just as the parties agree that Mr. Thomas is not required to testify at the competency hearing, they acknowledge that if he takes the stand, he will be subject to cross-examination and his testimony may be admissible at trial. However, to avoid the possibility of self-incrimination, Mr. Thomas suggests that the Court issue a protective order, limiting his testimony to matters directly relevant to competency and directing the government not to question him about the merits of the pending charges. The Court declines to issue such an order.").

use of the Defendant's competency hearing testimony at trial.[2]

Therefore, while the Defendant is entitled to testify at the competency hearing, the Court may appropriately exercise its discretion to manage or limit such testimony as necessary to resolve the issue of competency without unnecessary disruption. However, there is no obligation for the Court preclude, in advance, the Government from using the Defendant's testimony at trial if he chooses to testify.

                                        Respectfully submitted,

                                        Jeanine Ferris Pirro
                                        United States Attorney

Dated: February 10, 2026        By:    */s/ Brendan M. Horan*
                                                  BRENDAN M. HORAN
                                                  Special Assistant United States Attorney
                                                  N.Y. Bar No. 5302294
                                                  United States Attorney's Office
                                                  for the District of Columbia
                                                  Federal Major Crimes Section
                                                  601 D Street NW
                                                  Washington, D.C. 20530
                                                  (202) 730-6871
                                                  brendan.horan@usdoj.gov

---

[2] This is not to say that the Defendant should not be free to litigate when such issues are ripe at trial whether and how the Government may introduce his testimony.